

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> LEROY BROWN, JR. and § <br> LB STOCKS AND TRADES ADVICE LLC, § <br> § <br> Defendants. § | Case No.: 6:15-cv-119-WSS |

### FINAL JUDGMENT BY DEFAULT AGAINST DEFENDANTS
### LEROY BROWN, JR. AND LB STOCKS AND TRADES ADVICE LLC

The Court has reviewed and considered the evidence in Plaintiff's Motion for Final Judgment by Default against Defendants Leroy Brown, Jr. and LB Stocks and Trades Advice LLC, and Brief in Support. The Court hereby finds as follows:

1. The Clerk entered Entries of Default for Defendant Leroy Brown, Jr. ("Brown") and Defendant LB Stocks and Trades Advice LLC ("LB Stocks") on January 6, 2016.

2. Defendants Brown and LB Stocks violated the antifraud provisions of the federal securities laws, specifically Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], and Section 10(b) of the Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

3. Defendants Brown and LB Stocks also violated the securities registration provisions of the federal securities laws, specifically Section 5(a) of the Securities Act [15 U.S.C. § 77e(a)] and Section 5(c) of the Securities Act [15 U.S.C. § 77e(c)].

*SEC v. Leroy Brown, Jr., et al.*
Final Judgment by Default against Defendants
Leroy Brown, Jr. and LB Stocks and Trades Advice LLC          Page 1

4.      Defendants Brown's and LB Stocks' violations involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement, and directly or indirectly created a significant risk of substantial losses to other persons.

5.      The Commission has properly shown that, unless permanently enjoined, Defendants Brown and LB Stocks are reasonably likely to violate the foregoing provisions again.

Accordingly,

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Brown and LB Stocks are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

*SEC v. Leroy Brown, Jr., et al.*
Final Judgment by Default against Defendants
Leroy Brown, Jr. and LB Stocks and Trades Advice LLC                                Page 2

participation with Defendants or with anyone described in (a).

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Brown and LB Stocks are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

*SEC v. Leroy Brown, Jr., et al.*
Final Judgment by Default against Defendants
Leroy Brown, Jr. and LB Stocks and Trades Advice LLC                                    Page 3

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants'

*SEC v. Leroy Brown, Jr., et al.*
Final Judgment by Default against Defendants
Leroy Brown, Jr. and LB Stocks and Trades Advice LLC                               Page 4

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Brown and LB Stocks are permanently restrained and enjoined from, directly or indirectly:

    (a)    participating in the issuance, purchase, offer, or sale of any security, and

    (b)    soliciting money for any trading in securities;

provided, however, that this injunction shall not prevent Defendants Brown or LB Stocks from purchasing or selling securities for their own personal accounts.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Brown and LB Stocks are liable, jointly and severally, for disgorgement of $221,700, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $9,431.72, for a total of $231,131.72. Defendants Brown and LB Stocks are also liable for civil penalties in the amounts of $_____ (Brown) and $_____ (LB Stocks), pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendants Brown and LB Stocks shall satisfy this obligation by paying $_____ and $_____, respectively, representing disgorgement plus

*SEC v. Leroy Brown, Jr., et al.*
Final Judgment by Default against Defendants
Leroy Brown, Jr. and LB Stocks and Trades Advice LLC    Page 5

prejudgment interest thereon and civil penalties, to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Leroy Brown, Jr. and LB Stocks and Trades Advice LLC as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

*SEC v. Leroy Brown, Jr., et al.*
Final Judgment by Default against Defendants
Leroy Brown, Jr. and LB Stocks and Trades Advice LLC                                          Page 6

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

*SEC v. Leroy Brown, Jr., et al.*
Final Judgment by Default against Defendants
Leroy Brown, Jr. and LB Stocks and Trades Advice LLC          Page 7

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _May 5, 2016_

_____
WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE

*SEC v. Leroy Brown, Jr., et al.*
Final Judgment by Default against Defendants
Leroy Brown, Jr. and LB Stocks and Trades Advice LLC                              Page 8